**SHELIN CHEN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–70801

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 24, 2016

Samuel Ouya Maina, Law Offices of S. Ouya Maina, PC, Berkeley, CA, for Petitioner.

Gregory Darrell Mack, Esquire, Senior Litigation Counsel, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Shelin Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Chen failed to establish past harm rising to the level of persecution, *see Gu v. Gonzales*, 454 F.3d 1014, 1020–21 (9th Cir. 2006) (single arrest, interrogation, and beating did not rise to the level of persecution), or a well-founded fear of future persecution on account of a protected ground, *see id.* at 1021–22. Thus, we deny the petition as to Chen's asylum claim.

Because Chen did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the denial of Chen's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the Chinese government upon his return. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.